IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TYRONE MOSLEY,

    Petitioner                              Case No. 4:06cv121/WS/MD

JAMES R. MCDONOUGH,

    Respondent.

_____

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1).  Respondent has filed a response (doc. 10).  Petitioner was offered the opportunity to reply in October 2006 (doc. 12), but he has not done so. The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).   It is further the opinion of the undersigned that the pleadings and attachments before the court show that petitioner is not entitled to relief, and that the petition is without merit and should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

On July 23, 1999 Correctional Officer Andrews was suddenly attacked by four inmates in the exercise yard at the Gadsden County Jail.  Two  inmates grabbed Andrews around the neck, one got him in a bear hug from behind, and petitioner

grabbed his radio.  Andrews felt like he was being choked to death, so he went limp, feigning unconsciousness.  The four inmates let him fall and escaped from the exercise yard by going under the fence.

Petitioner was charged in the Circuit Court of Gadsden County Florida with one count of attempted second degree murder of a law enforcement officer (LAW ENFORCEMENT OFFICER), one count of escape, and one count of depriving an officer of his means of communication.  A jury found him guilty of all three counts and he was sentenced to eighteen years in prison on the count one (later reduced to fifteen years due to sentencing error), fifteen years on count two, and five years on count three, all concurrent.  Petitioner's direct appeal was unsuccessful, and he filed a motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850.  The trial judge held a hearing on the motion, at which petitioner was represented by counsel, and denied relief in a written order.  Petitioner now seeks federal habeas relief. Respondent concedes that the petition is timely (doc. 10, p. 3).

## STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.  As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19. In relevant part, section 2254(d) now provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
(1) resulted in a decision that was contrary to, or involved

> an unreasonable application of, clearly established
> Federal law, as determined by the Supreme Court of the
> United States; or
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).  The appropriate test was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal
> habeas court to grant a state prisoner's application for a writ of habeas
> corpus with respect to claims adjudicated on the merits in state court.
> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied - the state court adjudication resulted in a
> decision that (1) "was contrary to . . . clearly established Federal law,
> as determined by the Supreme Court of the United States," or (2)
> "involved an unreasonable application of . . . clearly established
> Federal law, as determined by the Supreme Court of the United States."
> Under the "contrary to" clause, a federal habeas court may grant the
> writ if the state court arrives at a conclusion opposite to that reached
> by this court on a question of law or if the state court decides a case
> differently than this Court has on a set of materially indistinguishable
> facts.  Under the "unreasonable application" clause, a federal habeas
> court may grant the writ if the state court identifies the correct
> governing legal principle from this Court's decisions but unreasonably
> applies that principle to the facts of the prisoner's case.

120 S.Ct. at 1523 (O'Connor, J., concurring).  Under the test just described a habeas court does not examine the State court's ruling to see if it is correct, but examines it only to see if it is reasonable.  More recently, in *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), the Supreme Court instructed that, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal

principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Id.*, 123 S.Ct. 1172.   The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case." *Neelley v. Nagle*, 138 F.3d 917, 923 (11th Cir. 1998).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" *Lockyer*, 123 S.Ct. at 1173 (quoting *Williams v. Taylor*, 529 U.S. at 405-06, 120 S.Ct. at 1519-20).  The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases--indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 365, 154 L.Ed.2d 263 (2002) (quoting *Williams*, 529 U.S. at 405-06).  If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams,* 529 U.S. at 409, 120 S.Ct. at 1521. Whether a State court's decision was an unreasonable application of legal principle must be assessed in light of the record the court had before it.  *Holland v. Jackson*, 542 U.S.

649, 652, 124 S.Ct. 2736, 2737-38, 159 L.Ed.2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697, n. 4, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).  An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context."  *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001); *see also Carr v. Schofield*, 364 F.3d 1246, 1250 (11th Cir. 2004) (A state court decision involves an unreasonable application of clearly established Federal law if the State court decision "identifies the correct governing Supreme Court legal principle . . . but . . . 'refuses to extend the governing principle to a context in which the principle should have controlled.'" (quoting *Ramdass v. Angelone*, 530 U.S. 156, 166, 120 S.Ct. 2113, 2120, 147 L.Ed.2d 125 (2000))).

Section 2254(d)(1) requires more than mere error, and more even than clear error on the part of the State court before federal habeas relief may be issued.  *E.g., Mitchell v. Esparza*, 540 U.S. 12, 124 S.Ct. 7, 12, 157 L.Ed.2d 263 (2003) ("We may not grant respondent's habeas petition, however, if the state court simply erred. . . ."); *Lockyer, supra*, 538 U.S. at 75, 123 S.Ct. at 1175 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); *Early v. Packer*, 537 U.S. at 11, 123 S.Ct. at 366 (State court "decisions which are not 'contrary to' clearly established Supreme Court law can be subjected to habeas relief only if they are not merely erroneous, but 'an unreasonable application' of clearly established federal law. . . ."); *Williams, supra*, 529 U.S. at 410-12, 120 S.Ct. at 1522-23 (The State court's incorrect or erroneous application of clearly established law will be held to be reasonable and not warrant a writ so long as the State court adjudication results in a "satisfactory conclusion.").

Only if the federal habeas court finds the State court decision to be contrary to, or an unreasonable application of, clearly established Supreme Court law does it take the final step of conducting an independent review of the merits of the petitioner's claims.  *Neelley*, 138 F.3d 917.  Even so, the writ still will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication  "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  The Supreme Court has clarified that:  "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1041, 154 L.Ed.2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *see also Crawford v. Head*, 311 F.3d 1288 (11th Cir. 2002) (explaining that the new statute provides for a "highly deferential standard of review" for factual determinations made by a state court); *Jackson*, 112 F.3d at 824-25 (noting that the new statute places a heavier burden on petitioner to overcome the presumption of factual correctness).

Ineffective assistance of counsel

Two of petitioner's grounds for relief claim that he was denied his constitutional right to the effective assistance of counsel.  In order to prevail upon

a claim of ineffective assistance of counsel, the petitioner must prove that:  (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

"The purpose of ineffectiveness review is not to grade counsel's performance." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (citing *Strickland*).  In evaluating counsel's performance, reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance. *Chandler* at 1314.  "Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.), *cert. denied*, 513 U.S. 899, 115 S.Ct. 255, 130 L.Ed.2d 175 (1994).  In evaluating the reasonableness of counsel's actions, a court must make "every effort . . . to eliminate the distorting effects of hindsight" and must evaluate the reasonableness of counsel's performance "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.  As the Eleventh Circuit has emphasized:

> We must avoid second-guessing counsel's performance: "[I]t does not follow that any counsel who takes an approach we would not have chosen is guilty of rendering ineffective assistance." *Waters* [*v. Thomas*, 46 F.3d 1506], 1522 (en banc).  Nor does the fact that a particular defense ultimately proved to be unsuccessful demonstrate ineffectiveness.

*Chandler* at 1314 (footnote omitted).  Moreover, an ambiguous or silent record is not sufficient to disprove the strong and continuing presumption of effective representation.  Where the record is incomplete or unclear about counsel's actions, it will be presumed that he did what he should have done, and that he exercised reasonable professional judgment. *Chandler* at 1314 n.15.

In order to meet the prejudice prong of the *Strickland* standard, petitioner

must allege more than simply that the unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding."  466 U.S. at 693, 104 S.Ct. at 2067.  Instead, the petitioner must show a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.*, at 694, 104 S.Ct. at 2068.  Without support in the record, bare allegations that the petitioner was prejudiced by counsel's performance are not sufficient.  *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987).  In applying *Strickland* the court may dispose of an ineffective assistance claim if petitioner fails to carry his burden on either of the two prongs.  *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

Finally, when a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact.  *Strickland*, 466 U.S. at 698, 104 S.Ct. at 2070; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999).

<u>Exhaustion and Default</u>

Respondent contends that all of petitioner's claims (with one possible exception) are procedurally barred from review in this court because they were not fairly presented to the state court for resolution.  It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[1] thereby giving the State the

---

[1]  Section 2254 provides, in pertinent part:

(b)(1)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A)  the applicant has exhausted the remedies available in the courts of the State; or

(B) (i)  there is an absence of available State corrective process; or

(ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

"'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim.  *Duncan*, *supra*, 513 U.S. at 365-66; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Picard*, 404 U.S. at 277-78.

The Supreme Court has offered the following guidance for determining whether a habeas petitioner has met the "fair presentation" requirement.  In *Picard v. Connor*, *supra*, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.  In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.* at 278, 92 S.Ct. at 513, the Court rejected the contention that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is insufficient to make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court.  In *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982), the habeas petitioner was granted relief on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt.  *Id.*

---

. . . .

(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

459 U.S. at 7, 103 S.Ct. at 278 (citing *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979)).  The only manner in which the habeas petitioner had cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law."  *Anderson*, 459 U.S. at 7, 103 S.Ct. at 278 (internal quotation marks omitted).  The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the <u>cited</u> case advanced a federal claim.  Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought.  459 U.S. at 7 and n. 3, 103 S.Ct. at 278 and n. 3.

Years later, the Supreme Court readdressed the "fair presentation" requirement in *Duncan v. Henry*, *supra*.  The *Duncan* Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[2]  The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." *Duncan*, 115 S.Ct. at 888.

An issue that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.*, procedurally barred from federal review.  *O'Sullivan*, 526 U.S. at 839-40, 848, 119

---

[2]  The petitioner in *Duncan* raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal.  Presented with a state constitutional claim, the state court applied state law in resolving the appeal.

S.Ct. at 1734; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n. 1, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L.Ed.2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Bailey*, 172 F.3d at 1303. In the second instance, a federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. *Lee v. Kemna*, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The adequacy requirement has been interpreted to mean that the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. *Ford v. Georgia*, 498 U.S. 411, 424-25, 111 S.Ct. 850, 858, 112 L.Ed.2d 935 (1991); *Judd v. Haley*, 250 F.3d 1308,1313 (11th Cir. 2001); *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995). However, a petitioner may obtain federal review of his claim if the state procedural rule is applied in an "arbitrary or unprecedented fashion." *Judd*, 250 F.3d at 1318, or in a manifestly unfair manner, *Ford v. Georgia*, 498 U.S. 411, 424-425, 111 S.Ct. 850, 858, 112 L.Ed.2d  935 (1991); *Upshaw v. Singletary*, 70 F.3d 576,

579 (11th Cir. 1995).

To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim.  *Tower*, 7 F.3d at 210; *Parker*, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)).  Lack of counsel or ignorance of available procedures is not enough to establish cause.  *Tower v. Phillips, supra.* To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 85, 130 L.Ed.2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327.  Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

## PETITIONER'S GROUNDS FOR RELIEF

### 1.   Court error concerning motion for judgment of acquittal.

Petitioner contends that his attorney moved for judgment of acquittal (JOA) at all appropriate times on Counts One and Three (attempted second degree murder of a law enforcement officer and depriving an officer of his means of

communication), but that the court denied the motions.  At the same time petitioner says that the court never ruled on the motions.  As will be discussed below, counsel did move for JOA on Count One (but not on Count Three), and the motion was taken under advisement but never ruled on.  Either way, it is petitioner's contention that he should be allowed to go back to the state court for a ruling, and that the motion should be granted.  For purposes of clarity, this ground will be discussed in its three subsets.

      A.  <u>Court's Denial of JOA on Count One.</u>

      Petitioner presented this ground in his direct appeal and the appellate court affirmed without opinion.  Florida law is clear that failure to obtain a ruling on a motion for JOA constitutes a failure to preserve it for review.  *Willingham v. State*, 781 So.2d  512 (Fla. 5th DCA 2001).  Because the trial court never ruled on the motion for JOA, the issue was not preserved.  Since the issue was not preserved, this court can reasonably assume that the state court applied the procedural bar.  *Tower v. Phillips, supra*.  Petitioner has made none of the requisite showings to excuse his default; therefore his claims are barred from consideration in this court.  However, the state overlooked the procedural bar on direct appeal, and briefed the issue on its merits.  Therefore, out of an abundance of caution, this court will also address the merits.

      <u>Clearly Established Supreme Court Law</u>

      Due process requires that the state present sufficient evidence to the trier of fact to prove each element of the offense beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. at 316, 99 S. Ct. at 2787.  The due process issue is "whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  443 U.S. at 319, 99 S. Ct. at 2789; *Schlup*, 513 U.S. at 330, 115 S.Ct. at 868 ("The *Jackson* standard, which focuses on whether any rational juror

could have convicted, looks to whether there is sufficient evidence which, if credited, could support the conviction."); *Fallada v. Dugger*, 819 F.2d 1564, 1570 (11th Cir. 1987).

As an issue of federal law, petitioner's insufficient evidence claim derives from the Fourteenth Amendment due process requirement that the evidence presented at trial be sufficient to convict, *i.e.* the State must prove beyond a reasonable doubt every fact that constitutes an essential element of the crime charged against the defendant. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). When reviewing a claim of insufficient evidence in federal habeas corpus, the proper inquiry is not whether the reviewing court itself believes that the evidence established guilt beyond a reasonable doubt but "whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (citation omitted); *see also Bishop v. Kelso*, 914 F.2d 1468, 1470 (11th Cir. 1990).

Because jurors are free to evaluate the credibility of testimony and the weight of the evidence, the court should assume that all conflicting inferences were resolved against the defendant. *Wilcox v. Ford*, 813 F.2d 1140, 1143 (11th Cir. 1987); *Martin v. State of Alabama*, 730 F.2d 721, 724 (11th Cir. 1984) (holding that where there are conflicting inferences and disputes exist, this court must presume that the jury resolved such conflicts in favor of the prosecution, and must defer to that resolution). Moreover, the evidence need not rule out every theory except that which signifies guilt beyond a reasonable doubt; "[t]he simple fact that the evidence gives some support to the defendant's theory of innocence does not warrant the grant of habeas relief." *Wilcox*, 813 F.2d at 1143; *accord, Carter v. Montgomery*, 769 F.2d 1537, 1542 (11th Cir. 1985) (it is not necessary that the evidence exclude every

reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt.).

The sufficiency of the evidence is determined by reference to the substantive elements of the offense as defined by state law. *Wilcox* at 1143 ("it is necessary to refer to the essential elements of the crimes as defined by state law" (citing *Jackson*) (other citations omitted)).

<u>Federal Review of State Court Decision</u>

As noted above, the jury found petitioner guilty on Count One and the appellate court affirmed without opinion. The trial court instructed the jury on the elements of the crime of attempted second degree murder of a law enforcement officer as (1) an intentional act which would have resulted in death had the attempt not failed, (2) the act was imminently dangerous to another and demonstrated a depraved mind without regard to human life, and (3) the victim is a law enforcement officer (doc. 10, ex. B, p. 72).[3]  It also instructed the jury that if a defendant helps another commit a crime he is a principal and must be treated as if he committed the crime himself (ex. B, p. 76).

There are two reason why petitioner's claim on this ground must fail.  First, other than make the bare allegation that the court erred in denying the JOA motion, he has offered nothing in support of his claim.  He has not pointed to *why* his motion for JOA should have been granted, or how the evidence adduced at trial did not meet the elements of the crime.  This court will not "'blindly accept speculative and inconcrete claims . . . .'"  *Raulerson v. Wainwright*, 753 F.2d 869, 876 (11th Cir. 1985) (quoting *Baldwin v. Blackburn*, 653f2d942, 947 (5th Cir. 1981)).  Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative

---

[3]  Hereafter all references to exhibits will be to doc. 10 unless otherwise noted.

evidentiary value. *Woodard v. Beto*, 447 F.2d 103 (5th Cir. 1971).[4]  Thus, "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding. *United States v. Jones*, 614 F.2d 80 (5th Cir. 1980).

The second reason that this claim fails is that the record totally refutes it. Even a cursory review of the evidence presented at trial shows, overwhelmingly, that two inmates choked Officer Andrews to the point that he though he was suffocating, that a third inmate held Officer Andrews in a bear hug, and that petitioner grabbed Officer Andrews' radio (ex B, pp. 14-37).  The jury was well within its rights to find petitioner guilty as a principal on this evidence.  Therefore, assuming the appellate court ruled on the merits, its ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d) (1); *Williams, supra*.  Petitioner is not entitled to federal habeas relief, and the writ should not issue.

B.  Court's Denial of JOA on Count Three

Petitioner says that the court erred in denying his motion for JOA on the count charging him with depriving an officer of a means of communication.  Respondent contends, correctly, that no such motion was made (ex. B, pp. 46-49).  The issue was therefore never presented to the state court for consideration.  Petitioner has not made the requisite showings to excuse his default, and it is too late for him to return to the state court now.  He has therefore procedurally defaulted this claim and it is procedurally barred.  This court should not consider the claim.

If the court were to consider the claim, it would be found meritless, just as the claim based on the first count was.  The evidence against petitioner was overwhelming, with Officer Andrews testifying, without contradiction, that "Mosley grabbed the radio when I was trying to key it."  (Ex. B, p. 26).  Petitioner did not

---

[4]  Decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

testify at trial, and there was no other evidence to contradict what the officer told the jury. The jury believed the officer's testimony, as it was entitled to. Petitioner is not entitled to federal habeas relief on this ground.

      C.   Court's Failure to Rule on Motion for JOA.

      After petitioner's counsel moved for JOA at the conclusion of the evidence, the court took the motion under advisement (ex. B, p. 49). After the jury returned verdicts of guilty on all charges, the court stated that the motion for JOA was "still under advisement." (Ex. B, p. 90). There is no record that the court ever ruled on the motion. It was not mentioned at the sentencing hearing (ex. D), and the court entered judgments of conviction on all counts (ex. E).

      Under Florida law, the failure to obtain a ruling on a motion for JOA constitutes a failure to preserve the issue for appeal. *Willingham v. State, supra*. It was counsel's duty to move for a ruling, which was not done in this case. Petitioner did not raise the trial court's failure to rule, either as trial court error or as one of ineffective assistance of counsel, on direct appeal or in his 3.850 motion. Therefore, it has not been fairly presented to the state court for resolution, and is barred from consideration in this court. Petitioner has not made the requisite showings to excuse his default, and it is too late for him to return to the state court now. And on the merits, as noted earlier, if there had been a ruling, the JOA would have been denied in light of Officer Andrews' testimony. Petitioner is not entitled to federal habeas relief.

      2.   Ineffective assistance of counsel - error in admitting guilt.

      In his motion for post-conviction relief petitioner blamed his attorney for admitting his guilt on the escape charge, failing to interview witnesses, failing to secure security tapes from the jail and failing to object to alleged discovery violations (ex. O, pp. 6-11). Here, however, he contends only that his attorney (1) failed to prepare, and (2) failed to put up a defense by admitting petitioner's guilt to

the jury (doc. 1, pp. 4-5).  The other claims made in the motion for post-conviction relief are therefore abandoned.

<u>Federal Review of State Court Decision</u>

Petitioner's claims of ineffective assistance of counsel on failure to prepare and on the admission of guilt were also abandoned, in open court, during the evidentiary hearing on the motion for post-conviction relief.  There, the following transpired:

THE COURT: And you really have told me nothing about his ineffectiveness. All you've told me is you want your sentence reduced. Is that where we're at?

MR. MOSLEY: Yes, sir.

THE COURT: But you've alleged he was ineffective, and that's what we're here on.

MR. MOSLEY: The 3.850 motion that been filed, when I went to DOC I ain't know nothing about the law and everything. So the law clerk that was filing the grounds for the motion, I ain't really know what he was filing or what grounds he was filing on about Mr. Seliger [defense counsel].  But if he would have told me what grounds that he was filing on, *I would have never allowed him to file that 3.850 motion against Mr. Seliger because Mr. Seliger did do his best to represent me in trial and everything*, but it was me that didn't abide by what he was going through.  He did –- with my knowledge and understanding, them 10 years was a good plea, but I just ain't take it because, you know, I felt like I ain't do nothing wrong and they ain't have nothing on me, so that's why I went to trial.  But the law clerk that filed that motion, *if I would have knew he was gonna do them grounds right there against Mr. Seliger, I would have stopped him right then and there and told him not to file it*, because I ain't know was he was filing or anything like that. He just told me that he gonna file it and cook up a motion for me. I didn't know what it was.  So if I would have knew, *I would have told him not to file that against Mr. Seliger because he did do his best to represent me.*

* * *

THE COURT: Well, you understand, sir, that the motion that was filed,

the sole issue is whether or not Mr. Seliger was ineffective in his representation. And based upon your testimony, you don't feel he was ineffective. You just think you caught too much time, right?

MR. MOSLEY: Yes, sir.

THE COURT: So I have to deny the motion. But I will tell you this. You're the first completely, totally honest person I've had come before me in one of these hearings, to my knowledge anyway. You've been the most straightforward and candid, which tells me that you're stepping forward in the right direction, sir. And I wish you well. Good luck to you.

MR. MOSLEY: Yes, sir.

(Ex. P, p. 18-21) (emphasis added). The court denied the motion for post-conviction relief, finding as fact that petitioner had failed to show deficient performance by counsel, and further that petitioner had abandoned the claim, as he clearly had (ex. Q, pp. 1-2). Petitioner appealed, and the state raised the procedural bar (ex. S). The appellate court affirmed without opinion. This court must therefore assume that the appellate court applied the procedural bar - that petitioner had abandoned his claim.

It is clear from petitioner's own sworn testimony that he had no quarrel with his attorney's assistance. Why this issue continues to be presented is a mystery. Regardless, the claim has been abandoned, is procedurally defaulted. Petitioner has offered no legal cause for his default - quite the contrary - and the claim is procedurally barred from consideration by this court.

If the court were to consider it, the claim is meritless. Other than saying that counsel failed to prepare for trial, petitioner has offered nothing to substantiate his claim. This is another inconcrete claim which this court will not accept. *Raulerson, supra*. If petitioner is saying that counsel failed to prepare *and therefore* had to admit petitioner's guilt, he still has not presented a meritorious claim. Admitting a client's guilt is extraordinary, but does not necessarily constitute ineffective

assistance of counsel.  For example, in a death penalty case counsel have admitted guilt while concentrating on the penalty phase, an approach approved by the Supreme Court.  *Florida v. Nixon*, 543 U.S. 175, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004). And here, counsel did not admit petitioner's guilt across the board.  Rather, he admitted it *on the escape charge only*.   The evidence of the escape was overwhelming.  Petitioner was a jail inmate who was apprehended outside the jail. Although escape carried the same maximum sentence as the attempted murder charge, the escape charge was impossible to defend, while the attempted murder charge offered the realistic possibility of acquittal.

At the evidentiary hearing counsel testified that his decision to admit guilt on the escape charge was a tactical one.  Counsel felt it made sense to establish credibility with the jury by admitting the obvious and indefensible, while concentrating on the more serious charge of attempted murder (ex. P, pp. 8-11).

> "[J]udicial scrutiny of counsel's performance must be highly deferential."  Because retrospective evaluation of a lawyer's performance can be difficult, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that ... the challenged action might be considered sound trial strategy." A petitioner must identify specific acts or omissions that were not the result of reasonable professional judgment, and a court should deem these acts or omissions deficient only if they "were outside the wide range of professionally competent assistance." Simply put, the deference afforded an attorney's decision is great and the bar for proving a Sixth Amendment violation is high. In light of the "strong presumption in favor of competence," we have held that in order to prove deficient performance, "a petitioner must establish that no competent counsel would have taken the action that his counsel did take."  *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002) (quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)).

*United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003).  Counsel was well

within the area of competence in admitting what had to be admitted while attempting to develop some credibility with the jury on the attempted murder charge. The fact that the strategy was unsuccessful proves only that petitioner was guilty, not that counsel erred. Petitioner has not shown that *no* lawyer would have done what counsel did here. To the extent that the Rule 3.850 court addressed the merits of petitioner's claim by finding that it was without merit (ex. Q, p. 2), its ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d) (1); *Williams, supra*. For all of the foregoing reasons, petitioner is not entitled to federal habeas relief, and the writ should not issue.

       3.    <u>Ineffective assistance of counsel - misinformation on the maximum sentence.</u>

      Finally, petitioner contends that his attorney misinformed him on the maximum possible penalty on the attempted murder charge. However, he does not inform this court on what the misinformation was or on which count. In his motion for post-conviction relief he said that counsel told him he was facing a life sentence on the attempted murder charge, when in fact he was facing only fifteen years. For the sake of completeness this court will assume he makes the same claim here.

      As shown above, petitioner abandoned any claim of ineffective assistance of counsel - including this claim - it in open court. It is therefore barred. If it were not barred, it would be found meritless. Petitioner's counsel testified at the evidentiary hearing that he had never told the petitioner has was facing a life sentence in this case, and in fact corrected the presentence investigation report to show that the attempted murder conviction was a second degree felony, not first degree. Counsel did tell petitioner he was facing a life sentence on an unrelated sexual battery claim pending at the same time. Petitioner has offered nothing to counter this testimony. The Rule 3.850 court held that petitioner had abandoned this claim, and further held

that it was meritless, a finding to which this court owes deference.  The finding is unrebutted by petitioner.  Therefore, the state court's ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d) (1); *Williams, supra*.  Petitioner is not entitled to federal habeas relief, and the writ should not issue.

Accordingly, it is respectfully RECOMMENDED that the Title 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 1), challenging the conviction and sentence in *State of Florida v. Tyrone Mosley* in the Circuit Court of Gadsden County, Florida, case no. 99-567, be DENIED, that this cause be DISMISSED, and that the clerk be directed to close the file.

At Pensacola, Florida, this 7th day of September, 2007.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**